UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ESTATE OF GINA MOYER, by and
through JASMINE MOYER,
Personal Representative of the Estate
of Gina Moyer, and JUDITH SHELTON,

      Plaintiffs,

                                    Civil Action No. 05-72242

vs.                              DISTRICT JUDGE ANNA DIGGS TAYLOR
                                    MAGISTRATE JUDGE STEVEN D. PEPE

NOVARTIS PHARMACEUTICALS
CORPORATION,

      Defendant.
_____/


**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR A PROTECTIVE ORDER BARRING DEPOSITION OF ITS ATTORNEY (DKT. #58)**

On November 25, 2008, Defendant moved the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c) preventing Plaintiffs from taking the deposition or otherwise obtaining the testimony of its Attorney Ashley Persemlidis (Dkt. #58). This motion was referred on December 11, 2008, for hearing and determination pursuant to 28 U.S.C. § 636 (b)(1)(A) (Dkt. #60). A January 26, 2009, hearing was held on Defendant's motion at which time all unresolved issues were heard. For the reasons stated on the record and indicated below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

In this action, Plaintiffs Judith Shelton and Gina Moyer challenge the termination of their employment from Novartis Pharmaceuticals Corporation, Inc. ("Novartis") in February 2005.

1

Moyer was employed by Defendant as a district sales manager in Michigan for the Geigy

division and Shelton was employed as a sales representative within Ms. Moyer's district.[1]

Novartis claims it fired Moyer and Shelton because, in violation of company policy, they

secretly dialed into, and recorded, a conference call among other employees in a different sales

group.

      In their First Amended Complaint filed on March 21, 2008, Plaintiffs have alleged three

claims: 1) Plaintiffs are African-American and were treated differently by Defendant than

similarly situated individuals who were not African-American in that they were terminated for

conduct far less egregious than employees who violated Defendant's policies and received no

discipline in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101; 2) Plaintiffs were

terminated as a result of their refusal to violate state and federal law in connection with the sale

of drugs manufactured by Defendant in violation of Michigan public policy; and 3) Plaintiffs

were terminated in retaliation for opposing, reporting and attempting to stop a fraudulent and

illegal billing scheme which Plaintiffs believed was violative of the Federal False Claims Act, 31

U.S.C. § 3730(h).

      At issue in the present motion is Plaintiffs desire to depose Novartis's in-house counsel,

Ashley Pertsemlidis, about her role in the process to terminate Plaintiffs' employment (See Dkt,

#58, Ex. 1, Notice of Dep. of Ashley Pertsemlidis).  During discovery, Plaintiffs indicate they

deposed the individuals identified by Defendant as participating in the decision to terminate their

employment.  In the course of those depositions, Plaintiffs claim they learned for the first time

---

[1] After this Complaint had been filed, Moyer was diagnosed with breast cancer and died
in December 2007.  The Complaint has been amended to substitute her estate as plaintiff.

that in-house counsel, Ashley Pertsemlidis, was deeply involved in decisions about the scope and direction of the investigation that led to the termination of the Plaintiffs, the actual investigation interviews and the termination decision.  Defendant counters that Plaintiffs have already discovered the facts known to counsel Pertsemlidis and that the only possible purpose for deposing her would be to discover her legal analysis and other privileged matters.  Because those are not appropriate topics for a deposition, Defendant seeks a protective order.

At the January 26, 2009, hearing, it was decided to deny Plaintiffs' request to depose Ms. Pertsemlidis at this time, to determine if the discoverable facts related to her can be obtained in an alternate manner.  Accordingly, Plaintiffs' counsel is allowed to submit a serious of interrogatories to be answered under oath or declaration by Ms. Pertsemlidis on an expedited schedule.  Accordingly, Plaintiffs' counsel shall submit interrogatories to Defendant regarding Ms. Perstemlidis' actions and involvement in this matter on or before Friday, January 30, 2009.  Defendant's counsel shall provide responses on or before Friday, February 6, 2009.  If Plaintiffs' counsel determines that follow-up interrogatories are necessary, he shall submit those follow-up interrogatories on or before Friday, February 13, 2009.  Defendant's counsel shall provide responses on or before Friday, February 20, 2009.  It is expected that any objections to Plaintiffs' interrogatories will be limited to those based on attorney client privilege.  While it is hoped the parties will be able to resolve their issues through this process, the Court will make itself available for a follow-up hearing if any issues remain unresolved.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d).  Any objections are required to

specify the part of the Order to which the party objects and state the basis of the objection.

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the

Magistrate Judge.

**SO ORDERED.**

s/Steven D. Pepe
United States Magistrate Judge

Dated:  January 26, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 26, 2009.

s/V. Sims
Case Manager

4